# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT PANTON,** | : | CIVIL ACTION NO. 1:04-CV-0356 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **JOHN NASH,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Presently before the court is plaintiff's motion for reconsideration (Doc. 133) pursuant to FED. R. CIV. P. 60(b) challenging this court's memorandum and order (Doc. 131) granting summary judgment in favor of defendant and against plaintiff. Also before the court is plaintiff's motion for appointment of counsel (Doc. 138). For the reasons set forth below, the motions will be denied.

The decision to grant or deny relief pursuant to Rule 60(b) lies in the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances. Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981).

## I. Newly Discovered Evidence

Plaintiff first seeks reconsideration based on newly discovered evidence. Under Rule 60(b)(2), the term "newly discovered evidence" refers to "evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant." Id. A party is entitled to a new trial "only if such evidence is (1) material and not merely cumulative, (2) could not have been discovered prior to trial through the exercise of reasonable diligence, and (3) would probably have changed the

outcome of the trial.  Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983); Ulloa v. City of Philadelphia, 692 F. Supp. 481, 483 (E.D. Pa. 1988)."  Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991).  The proffered evidence must have been discovered after trial or after a dispositive motion has been ruled upon.  Betterbox Commc'ns., Ltd. v. BB Techs., Inc., 300 F.3d 325, 331 (3d Cir. 2002).  Failure to discover the evidence at an earlier time must not result from lack of diligence, and the evidence must be "material to the issues involved, not merely cumulative, and of such a nature that it probably would change the outcome of the litigation."  Betterbox, 300 F.3d at 337 citing Stridiron, 698 F.2d at 207.  The movant "bears a heavy burden" since relief "should be granted only where extraordinary justifying circumstances are present."  Bohus, 950 F.2d at 930 (quoting Plisco v. Union R. Co., 379 F.2d 15, 17 (3d Cir. 1967)).  That is, the party seeking reconsideration must do more than merely show the "potential significance of the new evidence."  Bohus, 950 F.2d at 930.

     Plaintiff argues that the radiologist's report of a head x-ray, which was received after the entry of summary judgment, "implies abnormalities in nasal turbinates and is supected [sic] for Rhinitis, not stated to have any reltaion [sic] to allergy, and ETS probably is the cause."  (Doc. 133, p. 2).  This argument is unsupported by the report.  (Id. at p. 6).  Mr. Panton was not evaluated for exposure to ETS.  He was seen for complaints of decreased air flow resulting from a 15-year-old gunshot wound to his nose.  (Doc. 133, p. 6).  The nasal bones were of normal alignment and articulation and the sinuses were clear.  (Id.)  "Both studies fail[ed]

to show stigmata of gunshot wound." (Id.). While Rhinitis[1] was suspected, there was no evidence of sinusitis or of a previous fracture or gunshot wound. (Id.) There is no reference in the report to ETS exposure, or any indication that such an medical evaluation was performed. It is therefore concluded that the evidence is not material. Further, the evidence does not change the prior decision that plaintiff failed to satisfy the test established in Helling v. McKinney, 509 U.S. 25, 35 (1993). Plaintiff's motion will be denied.

## II.     Additional Findings of Fact and Conclusions of Law

"A proper motion to alter or amend judgment must rely on one of three major grounds: '(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest injustice.'" North River Ins. Co. v. Cigna Reinsurance Co., 52 F.2d 1194, 1218 (3d Cir. 1995) (citations omitted)). Plaintiff's requests for additional findings of fact and conclusions of law amount to reargument of matters addressed by the court and disposed of in the previous order. See Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa.) ("A motion for reconsideration is not to be used to reargue matters already argued and disposed of."), aff'd, 31 F.3d 1174 (3d Cir. 1994); see also Database America, Inc. v. Bellsouth Adver. & Publ'g

---

[1] "Rhinitis is a reaction that occurs in the eyes, nose and throat when airborne irritants (allergens) trigger the release of histamine. Histamine causes inflammation and fluid production in the fragile linings of nasal passages, sinuses, and eyelids." See http://www.nasal.net/, Center for Chronic Nasal and Sinus Dysfunction

Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'").  Because plaintiff fails to establish any of the three major grounds for relief, the motion will be denied.

### III. **Appointment of Counsel**

The conclusion of proceedings in this court renders plaintiff's motion for appointment of counsel (Doc. 138) moot.

An appropriate order will issue.

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:       December 18, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT PANTON,** | : | CIVIL ACTION NO. 1:04-CV-0356 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **JOHN NASH,** | : | |
| **Defendant** | : | |

## **O R D E R**

AND NOW, this 18th day December, 2007, upon consideration of plaintiff's motions for reconsideration (Doc. 133) and for appointment of counsel (Doc. 138), it is hereby ORDERED that said motions are DENIED.

                                        S/ Christopher C. Conner
                                        CHRISTOPHER C. CONNER
                                        United States District Judge